## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

YAROSLAV ILNYTSKYY,

        Plaintiff,　　　　　　　　　　Case No. 19-cv-12268

v.　　　　　　　　　　　　　　　　　Hon.

EQUIPNET, INC.,

        Defendant.

_____/

## COMPLAINT AND JURY DEMAND

1. This litigation seeks recovery for personal injuries Plaintiff Yaroslav Ilnytskyy suffered on March 19, 2018 when an employee of Defendant Equipnet, Inc. negligently operated Equipnet's hi-lo to load more or other machinery and/or other material onto the bed of Mr. Ilnytskyy's already-loaded truck, causing thousands of pounds of machinery and/or other material to fall onto and seriously injure him.

2. Plaintiff Yaroslav Ilnytskyy is domiciled in Oakland County, Michigan.

3. On information and belief, Defendant Equipnet, Inc. ("Equipnet") is a for-profit corporation organized under the laws of the State of Delaware with its principal place of business in Canton, Massachusetts.

4. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332(a)(1).

5. The amount in controversy well exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## Factual Background

7. Plaintiff Yaroslav Ilnytskyy is a self-employed truck driver, working for his Michigan limited liability company, Red Express LLC.

8. On March 19, 2018, Mr. Ilnytskyy was with his truck at Equipnet's property at 353 Howard St. in Brockton, Massachusetts to pick up a load of machinery that he was to then transport to a facility in New Jersey.

9. Mr. Ilnytskyy was driving his truck alone at the time.

10. The machinery he was to transport weighed in excess of 10,000 pounds, and Equipnet was to load the machinery onto Mr. Ilnytskyy's truck, after which Mr. Ilnytskyy was to secure the load to the bed of his truck with appropriate straps and anchors.

11. Mr. Ilnytskyy's truck was loaded with the machinery he was to transport and he commenced to secure the load to his truck bed.

12. As Mr. Ilnytskyy was securing the load, an employee of Equipnet operating a hi-lo in the course and scope of his employment decided he had to load more or other machinery and/or other material onto the bed of Mr. Ilnytskyy's truck and, in doing so, caused approximately 4,000 pounds of machinery and/or other material to fall onto Mr. Ilnytskyy.

13. The Equipnet employee knew or should have known that Mr. Ilnytskyy was securing the existing load to his truck bed and in close proximity to the truck bed when he attempted to load more or other machinery and/or other material onto the bed with his hi-lo.

14. On information and belief, the Equipnet employee was unqualified to operate the hi-lo, to wit: he had been poorly trained on how to operate the hi-lo and was known to be an employee who could not use the hi-lo safely, who often failed to pay attention, and who others refused to work with out of fear for their own safety. The managers of the Brockton, MA Equipnet facility, all of whom were also employed by Equipnet, were aware of these problems but permitted the employee in question to operate the hi-lo anyway, without supervision or assistance.

15. Mr. Ilnytskyy is free of comparative fault.

16. Mr. Ilnytskyy suffered severe personal injury as a direct and proximate result of the foregoing negligent actions of the Equipnet employee.

17. He was transported by ambulance to a hospital in Brockton, then transferred to another hospital in Boston on March 19, 2018.

18. He was released from the Boston hospital on or about March 25, 2018, and was thereafter treated at home by a visiting nurse for approximate 3.5 months, and has likewise received treatment from an orthopaedic doctor, rehabilitation doctor, internal medicine physician, and/or other health professionals for his personal injuries.

19. Mr. Ilnytskyy is right hand/foot dominant and his personal injuries include, but are not limited to:

   a. multiple bone fractures to his right foot;
   b. injuries to his right knee;
   c. multiple fractures to his left arm requiring surgeries;
   d. nerve damage and severe scarring to his left arm;
   e. injuries to his left elbow;
   f. injuries to his left shoulder;
   g. injuries to his left hand (continued pain and limitation of movement); and
   h. closed head injury (including residual symptoms of headaches, dizziness, lightheadedness, anxiety and mood swings).

20. Many of the foregoing injuries will result in permanent limitations and impairments.

21. As a result of these injuries, Mr. Ilnytskyy remains on a number of prescription medications, including antidepressants.

22. As a direct and proximate result of the severe personal injury he suffered on March 19, 2018, Mr. Ilnytskyy has been unable to return to work, sold his truck and trailer and is closing down his company, Red Express LLC.

**COUNT I—NEGLIGENCE OF EQUIPNET, INC.**

23. Plaintiff incorporates each preceding Paragraph as though fully restated herein.

24. Defendant Equipnet owed a duty of care to Mr. Ilnytskyy, and to all others similarly situated, to hire employees, including the Equipnet employee that caused injury to Mr. Ilnytskyy, who were competent to perform their duties in a safe, non-negligent manner.

25. Equipnet owed a duty of care to Mr. Ilnytskyy, and to all others similarly situated, to train its hi-lo operators, including the Equipnet employee that caused injury to Mr. Ilnytskyy, on how to operate the hi-lo(s) in a safe, non-negligent manner. Further, Equipnet had a duty to further supervise, assist

and/or train any employee who had not yet achieved proficiency operating the hi-lo(s) or who was otherwise having difficulty competently operating the hi-lo(s).

26. Equipnet owed a duty of care to Mr. Ilnytskyy, and to all others similarly situated, to reassign, re-task or terminate employees, including the Equipnet employee that caused injury to Mr. Ilnytskyy, who were unable to perform some or all of their duties in a safe, non-negligent manner. This is particularly true with regard to employees who were expected to perform duties known to be dangerous, such as loading trucks with heavy machinery with a hi-lo.

27. Equipnet breached the foregoing duties by, on information and belief: (a) hiring the Equipnet employee that caused injury to Mr. Ilnytskyy; (b) failing to train or adequately train this employee; (c) permitting this employee to operate the hi-lo despite his inability and/or lack of proficiency; (d) permitting this employee to operate the hi-lo despite complaints from other employees regarding his lack of proficiency; (e) permitting this employee to operate the hi-lo despite reports that he failed to pay attention while doing so; (f) permitting this employee to operate the hi-lo without supervision or assistance; (g) retaining, failing to terminate and/or failing to reassign or retask this employee after it became apparent that he could not operate the hi-lo safely; and (h) engaging in other acts of commission or omission to be revealed as discovery proceeds.

28. As a direct and proximate result of the breach(es) of the foregoing duties by Equipnet, Mr. Ilnytskyy suffered severe personal injuries already non-exhaustively described, *supra*.

29. As a direct and proximate result of the breach(es) of the foregoing duties by Equipnet, Mr. Ilnytskyy is entitled to damages for (a) pain and suffering; (b) reasonable hospital, medical and health care expenses; (c) loss of income, profits, and other material benefits; and (d) other allowable compensable damages to be disclosed in the discovery process.

WHEREFORE, Plaintiff respectfully requests judgment in his favor in an amount in excess of $75,000.00, together with prejudgment interest, taxable costs, attorney fees, and all other awards and expenses as may be appropriate under Massachusetts law.

### COUNT II—VICARIOUS LIABILITY OF EQUIPNET, INC.

30. Plaintiff incorporates each preceding Paragraph as though fully restated herein.

31. The Equipnet employee operating the hi-lo on March 19, 2018 at Equipnet's property at 353 Howard St. in Brockton, Massachusetts that caused injury to Mr. Ilnytskyy was in the course and scope of his employment with Equipnet with regard to all of the events and acts giving rise to this litigation.

32. This Equipnet employee owed Mr. Bearden, and all others similarly situated, a duty of care to operate the hi-lo safely.

33. This Equipnet employee breached this duty by (a) operating the hi-lo despite knowing he was unqualified to do so; (b) operating the hi-lo without supervision or assistance; (c) operating the hi-lo without making proper observation or inspection of his surroundings; (d) operating the hi-lo despite knowing of Mr. Ilnytskyy's close proximity to the truck bed; and (e) engaging in other acts of commission or omission to be revealed as discovery proceeds.

34. As a direct and proximate result of the breach(es) of the foregoing duties by this Equipnet employee, Mr. Bearden suffered fatal injuries.

35. As a direct and proximate result of the breach(es) of the foregoing duties by this Equipnet employee, Mr. Ilnytskyy is entitled to damages for: (a) pain and suffering; (b) reasonable hospital, medical and health care expenses; (c) loss of income and other material benefits; and (d) other allowable compensable damages to be disclosed in the discovery process.

36. Pursuant to the doctrine of *respondeat superior*, Equipnet is vicariously liable for all of the negligent acts committed by this employee, while he was acting in the course and scope of his employment, as set forth above, and for all of the damages suffered by Plaintiff, as set forth above.

WHEREFORE, Plaintiff respectfully requests judgment in his favor in an amount in excess of $75,000.00, together with prejudgment interest, taxable costs, attorney fees, and all other awards and expenses as may be appropriate under Massachusetts law.

Respectfully submitted,

| *Giroux Amburn PC* | *Rowling & Partipilo, P.C.* |
|---|---|
| /s/ *Christian P. Collis* | /s/ *Frank L. Partipilo* |
| ROBERT M. GIROUX (P47966) | FRANK L. PARTIPILO (P31950) |
| CHRISTIAN P. COLLIS (P54790) | Co-Counsel for Plaintiff |
| Co-Counsel for Plaintiff | 701 Huron Ave. |
| 28588 Northwestern Hwy., Ste. 100 | Port Huron, MI 48060 |
| Southfield, MI 48034 | (810) 985-7700 |
| (248) 531-8665 | frankpartipilo@yahoo.com |
| r.giroux@girouxamburn.com | |
| c.collis@girouxamburn.com | |

Dated: August 1, 2019

## DEMAND FOR JURY TRIAL

Plaintiff Yaroslav Ilnytskyy, by and through his undersigned counsel for record, hereby demands a trial by jury on all issues and causes of action alleged herein.

Respectfully submitted,

| ***Giroux Amburn PC*** | ***Rowling & Partipilo, P.C.*** |
|---|---|
| */s/ Christian P. Collis* | */s/ Frank L. Partipilo* |
| ROBERT M. GIROUX (P47966) | FRANK L. PARTIPILO (P31950) |
| CHRISTIAN P. COLLIS (P54790) | Co-Counsel for Plaintiff |
| Co-Counsel for Plaintiff | 701 Huron Ave. |
| 28588 Northwestern Hwy., Ste. 100 | Port Huron, MI 48060 |
| Southfield, MI 48034 | (810) 985-7700 |
| (248) 531-8665 | frankpartipilo@yahoo.com |
| r.giroux@girouxamburn.com | |
| c.collis@girouxamburn.com | |

Dated: August 1, 2019