UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION

YAROSLAV
ILNYTSKYY,

                  Plaintiff,                  Case No. 19-cv-12268

vs.                                   Hon. Paul D. Borman

EQUIPNET, INC. and
CSLIQ CORPORATION

                  Defendant.

_____/

| | |
|---|---|
| ROBERT M. GIROUX (P47966) | DONALD C. BROWNELL (P48848) |
| CHRISTIAN P. COLLIS (P54790) | MASSIMO F. BADALAMENTI |
| (P83847) | |
| GIROUX AMBURN PC | VANDEVEER GARZIA, P.C |
| Co-Counsel for Plaintiff | Attorney for Defendant |
| 28588 Northwestern Hwy., Ste. 100 | 840 W. Long Lake Rd., Ste. 600 |
| Southfield, MI 48034 | Troy, MI 48098-6340 |
| (248) 531 8665 | (248) 312-2800 / Fax (248) 879- 0042 |
| r.giroux@girouxamburn.com | dbrownell@vgpclaw.com |
| c.collis@girouxamburn.com | |
| | |
| FRANK L. PARTIPILO (P31950) | |
| ROWLING & PARTIPILO PC. | |
| Co-Counsel for Plaintiff | |
| 701 Huron Ave. | |
| Port Huron, MI 48060 | |
| (810) 985-7700 | |
| frankpartipilo@yahoo.com | |

_____/

**PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY
DEMAND**

1.     This litigation seeks recovery for personal injuries Plaintiff Yaroslav

Ilnytskyy suffered on March 19, 2018 when an employee of Defendant Equipnet,

Inc. negligently operated Equipnet's hi-lo to load more or other machinery and/or

other material onto the bed of Mr. Ilnytskyy's already-loaded truck, causing

thousands of pounds of machinery and/or other material to fall onto and seriously

injure him.

2.     Plaintiff Yaroslav Ilnytskyy is domiciled in Oakland County,

Michigan.

3.     On information and belief, Defendant Equipnet, Inc. ("Equipnet") is a

for-profit corporation organized under the laws of the State of Delaware with its

principal place of business in Canton, Massachusetts.

4.     On information and belief, Defendant CSLIQ Corporation. ("CSLIQ")

is a for-profit corporation organized under the laws of the State of Delaware with

its principal place of business in Canton, Massachusetts. It is believed that CSLIQ

Corporation is a wholly owned subsidiary of Equipnet, INC.

5.      Subject matter jurisdiction is vested in this Court pursuant to 28

U.S.C. § 1332(a)(1).

6.      The amount in controversy well exceeds $75,000.00, exclusive of

interest and costs.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

**Factual
Background**

8.      Plaintiff Yaroslav Ilnytskyy is a self-employed truck driver, working

for his Michigan limited liability company, Red Express
LLC.

9.      On March 19, 2018, Mr. Ilnytskyy traveled to Equipnet's property at

353 Howard St. in Brockton, Massachusetts to pick up a load of machinery that he

was to then transport to a facility in New Jersey.

10.     The machinery he was to transport weighed in excess of 10,000

pounds, and Equipnet was to load the machinery onto Mr. Ilnytskyy's flatbed

trailer, after which Mr. Ilnytskyy was to secure the load to the bed of his truck with appropriate straps and anchors.

11.     Mr. Ilnytskyy's truck was loaded by Mateus Pambo, believed to be an employee of Defendants Equipnet or CSLIQ, utilizing a Hi-lo. There were 4-5 different loads placed onto the flatbed trailer.  Each of the products weighed several thousand pounds.  Afterwards, Mr. Ilnytskyy commenced securing the load to his flatbed trailer.

12.     After placing the loads onto the flatbed trailer, the employee Mateus Pambo determined that he had accidentally loaded the wrong equipment onto the trailer.  Mr. Pambo requested that Mr. Ilnytskyy unstrap the loads so that he could remove the wrong load and replace it with the correct product.

13.     Mr. Pambo was operating the  hi-lo in the course and scope of his employment with either or both Defendants Equipnet or CSLIQ.

14.     After removing the straps from the first load, Mr. Ilnytskyy began removing the straps from the second load.  While he was removing the straps,  Mr. Pambo shouted, "Look Out!".   Before Mr. Ilnytskyy could react, he was struck by

the 4000 lbs. load that had fallen off the forks of the hi-lo.   The force of the impact

knocked him off the trailer pinning him between a wall and the trailer.

15.   Mateus Pambo knew (as he requested Mr. Ilnytskyy to do) or should

have known that Mr. Ilnytskyy was removing the straps to the second load so that

it could be removed.

16.   On information and belief, the Equipnet or CSLIQ employee was

unqualified to operate the hi-lo, to wit: he had been poorly trained on how to

operate the hi-lo and was known to be an employee who could not use the hi-lo

safely, who often failed to pay attention, and who others refused to work with out

of fear for their own safety. The managers of the Brockton, MA Equipnet facility,

all of whom were also employed by Equipnet, were aware of these problems but

permitted the employee in question to operate the hi-lo anyway, without

supervision or assistance.

17.   Mr. Ilnytskyy is free of comparative fault.

18.   Mr. Ilnytskyy suffered severe personal injuries as a direct and

proximate result of the foregoing negligent actions of Mateus Pambo.

19.   Mr. Ilnytskyy was transported by ambulance to a hospital in

Brockton,

then transferred to another hospital in Boston on March 19, 2018.

20.     He was released from the Boston hospital on or about March 25,

2018, and was thereafter treated at home by a visiting nurse for approximate 3.5

months, and has likewise received treatment from an orthopaedic doctor,

rehabilitation doctor, internal medicine physician, and/or other health professionals

for his personal injuries.

21.     Mr. Ilnytskyy is right hand/foot dominant and his personal injuries

include, but are not limited to:

a)  multiple bone fractures to his right foot;

b)  injuries to his right knee;

c)  multiple fractures to his left arm requiring surgeries;

d)  nerve damage and severe scarring to his left arm;

e)  injuries to his left elbow;

f)  injuries to his left shoulder;

g)  injuries to his left hand (continued pain and limitation of movement);

h)  closed head injury (including residual symptoms of headaches, dizziness,

lightheadedness, anxiety and mood swings).

22.     Many of the foregoing injuries will result in permanent limitations
and impairments.

23.     As a result of these injuries, Mr. Ilnytskyy remains on a number of
prescription medications, including antidepressants.

24.     As a direct and proximate result of the severe personal injuries he
suffered on March 19, 2018, Mr. Ilnytskyy has been unable to return to work, sold
his truck and trailer and is closing down his company, Red Express
LLC.

## COUNT I—NEGLIGENCE OF EQUIPNET, INC.

25.     Plaintiff incorporates each preceding Paragraph as though fully
restated herein.

26.     Defendants Equipnet and CSLIQ owed a duty of care to Mr.
Ilnytskyy, and to all Others similarly situated, to hire employees, including Mateus
Pambo the Equipnet or CSLIQ employee that caused injury to Mr. Ilnytskyy, who
were competent to perform their duties in a safe, non-negligent manner.

27.     Equipnet owed a duty of care to Mr. Ilnytskyy, and to all others similarly situated, to train its hi-lo operators, including Mateus Pambo the Equipnet employee that caused injury to Mr. Ilnytskyy, on how to operate the hi-lo(s) in a safe, non-negligent manner. Further, Equipnet had a duty to further supervise, assist and/or train any employee who had not yet achieved proficiency operating the hi-lo(s) or who was otherwise having difficulty competently operating the hi-lo(s).

28.     Equipnet owed a duty of care to Mr. Ilnytskyy, and to all others similarly situated, to reassign, re-task or terminate employees, including Mateus Pambo the Equipnet employee that caused injury to Mr. Ilnytskyy, who were unable to perform some or all of their duties in a safe, non-negligent manner. This is particularly true with regard to employees who were expected to perform duties known to be dangerous, such as loading trucks with heavy machinery with a hi-lo.

29.     Equipnet breached the foregoing duties by, on information and belief: (a) hiring Mateus Pambo the Equipnet employee that caused injury to Mr. Ilnytskyy; (b) failing to train or adequately train this employee; (c) permitting this

employee to operate the hi-lo despite his inability and/or lack of proficiency; (d)

permitting this employee to operate the hi-lo despite complaints from other

employees regarding his lack of proficiency; (e) permitting this employee to

operate the hi-lo despite reports that he failed to pay attention while doing so; (f)

permitting this employee to operate the hi-lo without supervision or assistance; (g)

retaining, failing to terminate and/or failing to reassign or retask this employee

after it became apparent that he could not operate the hi-lo safely; and (h) engaging

in other acts of commission or omission to be revealed as discovery

proceeds.

30.    As a direct and proximate result of the breach(es) of the foregoing

duties by Equipnet, Mr. Ilnytskyy suffered severe personal injuries, already

non-exhaustively described in paragraph 21.

31.    As a direct and proximate result of the breach(es) of the foregoing

duties by Equipnet, Mr. Ilnytskyy is entitled to damages for (a) pain and suffering;

(b) reasonable hospital, medical and health care expenses; (c) loss of income,

profits, and other material benefits; and (d) other allowable compensable damages

to be disclosed in the discovery process.

WHEREFORE, Plaintiff respectfully requests judgment in his favor in an
amount in excess of $75,000.00, together with prejudgment interest, taxable costs,
attorney fees, and all other awards and expenses as may be appropriate under
Massachusetts
law.

## COUNT II—VICARIOUS LIABILITY OF EQUIPNET, INC.

32.     Plaintiff incorporates each preceding Paragraph as though fully
restated herein.

33.     Mateus Pambo the Equipnet employee operating the hi-lo on March
19, 2018 at Equipnet's property at 353 Howard St. in Brockton, Massachusetts that
caused injury to Mr. Ilnytskyy was in the course and scope of his employment with
Equipnet with regard to all of the events and acts giving rise to this litigation.

34.     Mateus Pambo the Equipnet employee owed Mr. Ilnyetskyy, and all
others similarly situated, a duty of care to operate the hi-lo safely.

35.     Mateus Pambo, the Equipnet employee, breached this duty by (a)

operating the hi-lo despite knowing he was unqualified to do so; (b) operating the

hi-lo without supervision or assistance; (c) operating the hi-lo without making

proper observation or inspection of his surroundings; (d) operating the hi-lo despite

knowing of Mr. Ilnytskyy's close proximity to the load; (e) negligently allowing

the load to fall off the forks of the hi-lo striking the Plaintiff in the head and back

and (f) engaging in other acts of commission or omission to be revealed as

discovery proceeds.

36.     As a direct and proximate result of the breach(es) of the foregoing

duties by this Equipnet employee,  Mr. Ilnytskyy suffered extensive

physical and mental injuries.

37.     As a direct and proximate result of the breach(es) of the foregoing

duties by this Equipnet employee, Mr. Ilnytskyy is entitled to damages for: (a) pain

and suffering; (b) reasonable hospital, medical and health care expenses; (c) loss of

income and other material benefits; and (d) other allowable compensable damages

to be disclosed in the discovery process.

38.     Pursuant to the doctrine of *respondeat superior*, Equipnet is

vicariously liable for all of the negligent acts committed by this employee, while he was acting in the course and scope of his employment, as set forth above, and for all of the damages suffered by Plaintiff, as set forth above in paragraph 21.

WHEREFORE, Plaintiff respectfully requests judgment in his favor in an amount in excess of $75,000.00, together with prejudgment interest, taxable costs, attorney fees, and all other awards and expenses as may be appropriate under Massachusetts law.

## COUNT III—NEGLIGENCE OF CSLIQ CORPORATION

39.    Plaintiff incorporates each preceding Paragraph as though fully restated herein.

40.    Defendant CSLIQ owed a duty of care to Mr. Ilnytskyy, and to all others similarly situated, to hire employees, including the CSLIQ employee Mateus Pambo who caused injury to Mr. Ilnytskyy, who were competent to perform their duties in a safe, non-negligent manner.

41.    Defendant CSLIQ owed a duty of care to Mr. Ilnytskyy, and to all others similarly situated, to train its hi-lo operators, including the CSLIQ employee

Mateus Pambo that caused injury to Mr. Ilnytskyy, on how to operate the hi-lo(s) in

a safe, non-negligent manner. Further, CSLIQ had a duty to further supervise,

assist and/or train any employee who had not yet achieved proficiency operating

the hi-lo(s) or who was otherwise having difficulty competently operating the

hi-lo(s).

42.     CSLIQ owed a duty of care to Mr. Ilnytskyy, and to all others

similarly situated, to reassign, re-task or terminate employees, including the

Mateus Pambo the CSLIQ employee that caused injury to Mr. Ilnytskyy, who were

unable to perform some or all of their duties in a safe, non-negligent manner. This

is particularly true with regard to employees who were expected to perform duties

known to be dangerous, such as loading trucks with heavy machinery with a hi-lo.

43.     CSLIQ breached the foregoing duties by, on information and belief:

(a) hiring Mateus Pambo CSLIQ employee that caused injury to Mr. Ilnytskyy; (b)

failing to train or adequately train this employee; (c) permitting this employee to

operate the hi-lo despite his inability and/or lack of proficiency; (d) permitting this

employee to operate the hi-lo despite complaints from other employees regarding

his lack of proficiency; (e) permitting this employee to operate the hi-lo despite

reports that he failed to pay attention while doing so; (f) permitting this employee

to operate the hi-lo without supervision or assistance; (g) retaining, failing to

terminate and/or failing to reassign or retask this employee after it became

apparent that he could not operate the hi-lo safely; and (h) engaging in other acts of

commission or omission to be revealed as discovery proceeds.

44.     As a direct and proximate result of the breach(es) of the foregoing

duties by CSLIQ, Mr. Ilnytskyy suffered severe personal injuries already

non-exhaustively described above in paragraph 21.

45.     As a direct and proximate result of the breach(es) of the foregoing

duties by CSLIQ, Mr. Ilnytskyy is entitled to damages for (a) pain and suffering;

(b) reasonable hospital, medical and health care expenses; (c) loss of income,

profits, and other material benefits; and (d) other allowable compensable damages

to be disclosed in the discovery process.

WHEREFORE, Plaintiff respectfully requests judgment in his favor in an

amount in excess of $75,000.00, together with prejudgment interest, taxable costs,

attorney fees, and all other awards and expenses as may be appropriate under

Massachusetts
law.

### COUNT IV—VICARIOUS LIABILITY OF CSLIQ CORPORATION

46.     Plaintiff incorporates each preceding Paragraph as though fully

restated herein.

47.     Mateus Pambo the CSLIQ employee operating the hi-lo on March 19,

2018 at Equipnet's property at 353 Howard St. in Brockton, Massachusetts that

caused injury to Mr. Ilnytskyy was in the course and scope of his employment with

CSLIQ with regard to all of the events and acts giving rise to this litigation.

48.     This CSLIQ employee owed Mr. Ilnytskyy, and all others

similarly situated, a duty of care to operate the hi-lo safely.

49.     This Mateus Pambo, the CSLIQ employee, breached this

duty by (a) operating the hi-lo despite knowing he was unqualified to do so; (b)

operating the hi-lo without supervision or assistance; (c) operating the hi-lo

without making proper observation or inspection of his surroundings; (d) operating

the hi-lo despite knowing of Mr. Ilnytskyy's close proximity to the load; (e)

negligently allowing the load to fall off the forks of the hi-lo striking the Plaintiff

in the head and back and (f) engaging in other acts of commission or omission to

be revealed as discovery proceeds.

50.     As a direct and proximate result of the breach(es) of the foregoing

duties by Mateus Pambo CSLIQ employee, Mr. Ilnytskyy suffered

extensive personal and mental injuries.

51.     As a direct and proximate result of the breach(es) of the foregoing

duties by Mateus Pambo the CSLIQ employee, Mr. Ilnytskyy is entitled to

damages for: (a) pain and suffering; (b) reasonable hospital, medical and health

care expenses; (c) loss of income and other material benefits; and (d) other

allowable compensable damages to be disclosed in the discovery process.

52.     Pursuant to the doctrine of *respondeat superior*, CSLIQ is vicariously

liable for all of the negligent acts committed by Mateus Pambo, while he was

acting in the course and scope of his employment, as set forth above, and for all of

the damages suffered by Plaintiff, as set forth above.

WHEREFORE, Plaintiff respectfully requests judgment in his favor in an amount in excess of $75,000.00, together with prejudgment interest, taxable costs, attorney fees, and all other awards and expenses as may be appropriate under Massachusetts law.

Respectfully submitted,

*Giroux Amburn PC*                          *Rowling & Partipilo, P.C.*

/s/ Christian P. Collis                      /s/Frank L. Partipilo
ROBERT M. GIROUX (P47966)                    FRANK L. PARTIPILO (P31950)
CHRISTIAN P. COLLIS (P54790)                 Co-Counsel for Plaintiff
Co-Counsel for Plaintiff                     701 Huron Ave. 28588
Northwestern Hwy., Ste. 100                  Port Huron, MI 48060
(810) 985-7700 (248) 531-8665                frankpartipilo@yahoo.com
r.giroux@girouxamburn.com
c.collis@girouxamburn.com

Dated: June 2, 2020

**DEMAND FOR JURY TRIAL**

Plaintiff Yaroslav Ilnytskyy, by and through his undersigned counsel for record, hereby demands a trial by jury on all issues and causes of action alleged herein.

Respectfully submitted,

**Giroux Amburn PC**                          **Rowling & Partipilo, P.C.**

/s/ Christian P. Collis                        /s/Frank L. Partipilo
ROBERT M. GIROUX (P47966)            FRANK L. PARTIPILO (P31950)
CHRISTIAN P. COLLIS (P54790)          Co-Counsel for Plaintiff
Co-Counsel for Plaintiff                       701 Huron Ave. 28588
Northwestern Hwy., Ste. 100               Port Huron, MI 48060
(810) 985-7700 (248) 531-8665           frankpartipilo@yahoo.com
r.giroux@girouxamburn.com
c.collis@girouxamburn.com

Dated: June 2, 2020