UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YAROSLAV ILNYTSKYY,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIPNET, INC., *et al.*,<br><br>    Defendants. | Case No. 19-12268<br>Honorable Paul D. Borman<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DETERMINATION THAT MASSACHUSETTS LAW APPLIES [ECF NO. 43]**

### I.   Introduction and Background

Plaintiff Yaroslav Ilnytskyy sues Equipnet, Inc., and its subsidiary CSLIQ Corporation for negligence. ECF No. 23. The Honorable Paul D. Borman referred Ilnytskyy's motion for determination of law to the undersigned under 28 U.S.C. § 636(b)(1)(A). ECF No. 43; ECF No. 45.

Ilnytskyy, a self-employed truck driver who resides in Michigan, alleges that defendants' employee injured him by negligently operating a hi-lo at a warehouse in Massachusetts. ECF No. 23, PageID.133-134. Ilnytskyy alleges that defendants breached their duties of care and that they were vicariously liable for their employee's negligence. *Id.* He moves

for the Court to find that Massachusetts law applies to his claim for damages, while defendants contend that Michigan law should apply. ECF No. 43; ECF No. 48.

The Court finds that Michigan law should apply.

## II. Analysis

A federal court exercising diversity jurisdiction applies the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Michigan holds that its law applies "unless a 'rational reason' to do otherwise exists." *Sutherland v. Kennington Truck Service, Ltd.*, 454 Mich. 274, 286 (1997). A court must apply a two-step approach to decide whether to apply Michigan law or the law of another state. *Id.* First, a court "must determine if any foreign state has an interest in having its law applied." *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 693 (6th Cir. 2013) (internal quotation marks omitted). Second, "[i]f a foreign state does have an interest in having its law applied, [the court] must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests." *Id*.

### A.

Addressing the first step, Massachusetts has an interest in having its law applied. A foreign state has an interest in having its law applied when

one of the parties is a citizen of the foreign state where the incident occurred.  *Burney v. P V Holding Corp.*, 218 Mich. App. 167, 174 (1996) ("The accident occurred in Alabama, and the injury state always has an interest in conduct within its borders."); *Standard Fire*, 723 F.3d at 698 (following Michigan law stating that the place where an injury occurred is a "significant factor" in a choice of law analysis).

Here, defendants' principal places of business are in Massachusetts, so they are citizens of that state.  ECF No. 23, PageID.131-132; 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of both its state of incorporation and the state of its principal place of business).  Ilnytskyy's alleged injury also occurred in Massachusetts.  ECF No. 23, PageID.133-134.  Thus, Massachusetts has an interest in having its law applied in this case.

## B.

The next question is whether, despite Massachusetts's interest, Michigan law should be applied.  Michigan courts usually apply Michigan law but will "use another state's law where the other state has a significant interest and Michigan has only a minimal interest in the matter."  *Thompson I.G., LLC v. Edgetech I.G. Inc.*, 590 F. App'x 532, 539 (6th Cir. 2014) (internal citations and quotation marks omitted).  To apply this balancing approach, courts consider this nonexhaustive list:

> (1) whether the injury occurred in the state whose law a party seeks to apply; (2) the extent to which the relevant commercial activity took place in the state whose law a party seeks to apply; (3) whether a party seeks to defeat the application of the law of its home state; (4) the forum state's interest in applying its own law; (5) whether the law of the foreign state would entitle the party to greater relief than the law of the party's home state; and (6) whether courts in the foreign state whose law the party seeks to apply would apply Michigan law.

*Id.* at 539-40 (citations omitted). Here, although the injury and commercial activity occurred in Massachusetts, Michigan's interests dwarf those of Massachusetts.

First, Ilnytskyy is a Michigan resident, and the district court has a general interest in applying Michigan law when it is the forum state. *See Thompson*, 590 F. App'x at 540 ("Michigan's interests outweigh Ohio's because [plaintiff] is a Michigan company and the district court had a general interest in applying [the forum state's] law."). And most importantly, Ilnytskyy seeks to defeat the application of a Michigan law that the state has a strong interest in enforcing.

Michigan has an interest in upholding M.C.L. § 500.3116(2) of its No-Fault Act. Section 3116(2) permits an insurer to seek reimbursement of expenses it has paid when the insured recovers economic damages in a tort action arising from an out-of-state accident:

> A subtraction from or reimbursement for personal protection insurance benefits paid or payable…may be made only if

4

> recovery is realized on a tort claim arising from an accident that occurred outside this state…. If personal protection insurance benefits have already been received, the claimant shall repay to the insurers out of the recovery an amount equal to the benefits received.

This section prevents double recovery of economic losses when accidents occur outside Michigan. *Allstate Ins. Co. v. Jewell*, 182 Mich. App. 611, 617 (1990). Michigan's interest in applying § 3116(2) is heightened when "not only are the injured persons Michigan residents, but they are insured by Michigan insurers." *Id*. The *Jewell* court emphasized, "It makes no sense to hold that just because the accident in this case occurred outside the State of Michigan the injured parties should be allowed a double recovery of economic losses." *Id.*

Ilnytskyy is advocating for the very result that *Jewell* found nonsensical. He acknowledges that Great West Casualty Company paid personal injury protection (PIP) benefits under a Michigan no-fault insurance policy because of the accident. ECF No. 43, PageID.473-475. But Ilnytskyy seeks to escape the requirement of § 3116(2) that he reimburse Great West if he recovers economic damages from defendants. He wants a double recovery for his economic losses simply because his accident was out of state, in derogation of Michigan law. *Jewell*, 182 Mich. App. at 617.

5

Ilnytskyy and defendants also wrongly claim that Michigan's no-fault law precludes Ilnytskyy from recovering economic damages from defendants in this action. Ilnytskyy cites Massachusetts' common law collateral-source rule, under which tortfeasors may not benefit from the injured party's insurance coverage. ECF No. 43, PageID.476-477 (citing *Law v. Griffith*, 457 Mass. 349, 355 (2010)). Under an assumption that he could claim more damages under Massachusetts law, Ilnytskyy argues that applying Massachusetts law would further that state's interest in preventing a defendant "from benefiting from an injured party's personal insurance, such as Plaintiff's PIP benefits from Great West." *Id*. at 477. Defendants similarly claim that "PIP benefits are not recoverable in a third-party tort action under Michigan law." ECF No. 48, PageID.577-578. Both parties appear to believe that § 3116(2) precludes Ilnytskyy from seeking economic damages from defendants. *See id*., PageID.582-583 (where defendants suggest that Ilnytskyy cannot seek economic damages in this tort action under Michigan's no-fault law). But neither party cites case law or analysis to support their belief that § 3116(2) affects the damages that Ilnytskyy can seek in his tort action.

In fact, § 3116(2) says nothing to limit damages owed by a tortfeasor in a third-party tort action. That section allows an insurer to request

reimbursement for PIP benefits that it paid if the insured recovers in a tort action; it does not permit the tortfeasor to avoid a damage claim for expenses the no-fault insurer has paid. "'Reimbursement' means that whenever 'an insured elects to sue the tortfeasor and effects a recovery, he must repay his insurer for the benefits he has received from the insurer.'" *Farm Bureau Gen. Ins. Co. of Michigan v. Schneider Nat'l Carriers*, 552 F. Supp. 3d 750, 757 (S.D. Ohio Aug. 2, 2021) (quoting Murray v. Ferris, 74 Mich. App. 91 (1977)).

And like Massachusetts, Michigan applies a collateral-source rule, precluding the wrongdoer from benefitting from the injured party's insurance benefits.

> The common-law collateral-source rule provides that the recovery of damages from a tortfeasor is not reduced by the plaintiff's receipt of money in compensation for his injuries from other sources. In the context of insurance, the rationale for the rule is that the plaintiff has given up consideration and is entitled to the contractual benefits. The plaintiff's foresight and financial sacrifice should not inure to the benefit of the tortfeasor, who has contributed nothing to the plaintiff's insurance coverage. Similarly, gratuitous compensation should not inure to the benefit of the tortfeasor. The tortfeasor has contributed nothing, except the activity which caused the plaintiff's injuries.

*Tebo v. Havlik*, 418 Mich. 350, 366 (1984). *See also Markel Am. Ins. Co. v. Gates*, No. 320587, 2015 WL 3448757, at *2 (Mich. Ct. App. May 28, 2015) ("The collateral source rule provides that compensation due [to] an injured

7

person from an independent source other than another tortfeasor does not operate to lessen damages recoverable from the wrong-doer.") (citation and internal quotation marks omitted).

The *Tebo* court explained that § 3116(2) was intended "to limit duplicative recovery only where the limitation would benefit a no-fault insurer, thus providing an incentive for lower insurance rates." *Tebo*, 418 Mich. at 367. Permitting defendants to avoid payment of damages to Ilnytskyy that could be used reimburse Great West would thus frustrate the aims of § 3116(2).

In sum, the main effect of applying Massachusetts law instead of Michigan law would be to undermine Michigan's no-fault law, which was intended to prevent double recovery of damages and lower insurance rates. *Jewell*, 182 Mich. App. at 617; *Tebo*, 418 Mich. 350, 366. If the Court applied Massachusetts law, Ilnytskyy could recover damages from defendants without having to reimburse Great West. And Ilnytskyy would enjoy that windfall despite his common expectation with Great West that he would need to reimburse Great West if he recovered economic damages from an out-of-state tortfeasor under Michigan law. *See Burney*, 218 Mich. App. at 175 (finding that Michigan had a great interest in having its law applied because "defendants, as Michigan residents and a corporation

8

doing business in Michigan, [could not] argue that the application of Michigan law would defeat their expectations.").

Because Michigan's has a strong interest in having its law applied here, Ilnytskyy's motion to apply Massachusetts law lacks merit. *Thompson*, 590 F. App'x at 539.  The Court thus denies Ilnytskyy's motion and finds that Michigan law applies.

**IT IS ORDERED.**

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge

Dated: September 23, 2022

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

9

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2022.

                                                  <u>s/Marlena Williams</u>
                                                MARLENA WILLIAMS
                                                Case Manager