# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

YAROSLAV ILNYTSKYY,

     Plaintiff,

v

EQUIPNET, INC. and
CSLIQ CORPORATION,

     Defendants

Case No. 2:19-cv-12268
Hon. Gershwin A. Drain
Mag. Elizabeth A. Stafford

_____/

| | |
|---|---|
| ROBERT M. GIROUX (P47966) | DONALD C. BROWNELL (P48848) |
| CHRISTIAN P. COLLIS (P54790) | RICK J. PATTERSON (P55706) |
| GIROUX AMBURN PC | VANDEVEER GARZIA, P.C. |
| Co-Counsel for Plaintiff | Attorney for Defendant |
| 28588 Northwestern Hwy., Ste. 100 | 840 W. Long Lake Rd., Ste. 600 |
| Southfield, MI  48034 | Troy, MI  48098-6340 |
| (248) 531 8665 | (248) 312-2800; (fax) 879-0042 |
| r.giroux@girouxamburn.com | dbrownell@vgpclaw.com |
| c.collis@girouxamburn.com | rpatterson@vgpclaw.com |

FRANK L. PARTIPILO (P31950)
ROWLING & PARTIPILO PC.
Co-Counsel for Plaintiff
701 Huron Ave.
Port Huron, MI  48060
(810) 985-7700
frankpartipilo@yahoo.com

_____/

## <u>JURY INSTRUCTIONS</u>

§103.01           General introduction

| §103.02 | Use of notes |
|---|---|
| §103.10 | Instructions apply to each party |
| §103.12 | All persons equal before the law - - Organizations |
| §103.30 | Evidence in the case |
| §103.31 | Consideration of the evidence - - Corporate party's agents and employees |
| §103.34 | Questions not evidence |
| §104.01 | Preponderance of the evidence |
| §104.05 | "Direct" and "circumstantial" evidence - - Defined |
| §104.20 | "Inferences" defined |
| §104.40 | Expert witness |
| §104.53 | Oral statements or admissions |
| §104.54 | Number of witnesses |
| §105.01 | Discrepancies in testimony |
| §105.02 | Use of depositions as evidence |
| §105.04 | Impeachment - - Inconsistent statement or conduct |
| §105.09 | Effect of prior inconsistent statements or conduct |
| §105.11 | All available witnesses or evidence need not be produced |
| M Civ JI 10.01 | Definitions Introduced |
| M Civ JI 10.02 | Negligence of Adult - Definition |
| M Civ JI 10.04 | Duty to Use Ordinary Care – Adult - Plaintiff |

| | |
|---|---|
| M Civ JI 10.05 | Duty to Use Ordinary Care – Adult - Defendant |
| Special JI | Agency |
| M Civ JI 11.01 | Comparative Negligence - Definition |
| M Civ JI 15.01 | Definition of Proximate Cause |
| M Civ JI 15.03 | More Than One Proximate Cause |
| M Civ JI 16.02A | Burden of Proof in Negligence Cases |
| M Civ JI 8.01 | Definition of Burden of Proof |
| M Civ JI 50.01 | Measure of Damages - Personal and Property |
| M Civ JI 50.21 | Personal Injury Action: Definition of Economic Loss and Non-Economic Damages: Separation of Future Damages by Year |
| M Civ JI 53.05 | Mitigation of Damages—Failure to Exercise Ordinary Care |
| M Civ JI 53.06 | Effect of Inflation on Future Damages |
| §106.01 | Duty to deliberate |
| §106.02 | Effect of instruction as to damages |
| §106.04 | Election of foreperson - - General verdict |
| §106.08 | Communications between court and jury during jury's deliberations |

## § 103.01. General introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## §  103.02. Use of notes

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

## § 103.10. Instructions apply to each party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

## § 103.12. All persons equal before the law—Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.

## §  103.30. Evidence in the case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**§ 103.31. Consideration of the evidence--Corporate party's agents and employees**

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

## § 103.34. Questions not evidence

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

## § 104.01. Preponderance of the evidence

Plaintiff Yaroslav Ilnystkyy has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If plaintiff Yaroslav Ilnystkyy should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for defendants Equipnet, Inc. and CSLIQ Corporation as to that claim.

"Established by a preponderance of the evidence" means to prove that something is more likely than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## § 104.05. "Direct" and "circumstantial" evidence—Defined

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## § 104.20. "Inferences" defined

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## § 104.40. Expert witness

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

## §  104.53. Oral statements or admissions

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

## § 104.54. Number of witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## § 105.01. Discrepancies in testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains

to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## § 105.02. Use of depositions as evidence

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

### § 105.04. Impeachment--Inconsistent statement or conduct (*falsus in uno falsus in omnibus*)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## § 105.09. Effect of prior inconsistent statements or conduct

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## §  105.11. All available witnesses or evidence need not be produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**M Civ JI 10.01 Definitions Introduced**

I shall now give you the definitions of some important legal terms. Please listen carefully to these definitions so that you will understand the terms when they are used later.

**M Civ JI 10.02 Negligence of Adult—Definition**

Negligence is the failure to use ordinary care. Ordinary care means the care a reasonably careful person would use. Therefore, by "negligence," I mean the failure to do something that a reasonably careful person would do, or the doing of something that a reasonably careful person would not do, under the circumstances that you find existed in this case.

The law does not say what a reasonably careful person using ordinary care would or would not do under such circumstances. That is for you to decide.

**M Civ JI 10.04 Duty to Use Ordinary Care— Adult—Plaintiff**

It was the duty of the plaintiff, in connection with this occurrence, to use ordinary care for his own safety and the safety of his property.

**M Civ JI 10.05 Duty to Use Ordinary Care—Adult—Defendant**

It was the duty of the defendant, in connection with this occurrence, to use ordinary care for the safety of the plaintiff.

**Special Jury Instruction – Company Policy**

Defendants' internal policies do not establish a duty owed by its employees and does not constitute a standard of conduct but can be considered as evidence of negligence.

**Special Jury Instruction — Agency**

Plaintiff has only brought claims against Equipnet, Inc., and CSLIQ Corporation. These Defendants are responsible for the negligence of its employee, Mateus Pambo, despite that individual not being individually named as a party. To succeed on this negligence claim to hold the defendants liable, Plaintiff need only prove that Mateus Pambo acted negligently in the course and scope of his employment and that his negligence was a proximate cause of Plaintiff's injuries.

**M Civ JI 11.01 Comparative Negligence—Definition**

The total amount of damages that the plaintiff would otherwise be entitled to recover shall be reduced by the percentage of plaintiff's negligence that contributed as a proximate cause to his injury.

This is known as comparative negligence.

*The plaintiff, however, is not entitled to noneconomic damages if he is more than 50 percent at fault for his injury.

**M Civ JI 15.01 Definition of Proximate Cause**

When I use the words "proximate cause" I mean first, that the negligent conduct must have been a cause of plaintiff's injury, and second, that the plaintiff's injury must have been of a type that is a natural and probable result of the negligent conduct.

**M Civ JI 15.03 More Than One Proximate Cause**

There may be more than one proximate cause. To be a proximate cause, the claimed negligence need not be the only cause nor the last cause. A cause may be proximate although it and another cause act at the same time or in combination to produce the occurrence.

**M Civ JI 16.02A Burden of Proof in Negligence Cases**

The plaintiff has the burden of proving:

> (a) that the defendant was negligent in one or more of the ways claimed by the plaintiff *(as stated to you in these instructions)

> (b) that the plaintiff was injured.

> (c) that the negligence of the defendant was a proximate cause of the injuries  to the plaintiff.

** Your verdict will be for the plaintiff if you decide that all of these have been proved.

** Your verdict will be for the defendant if you decide that any one of these has not been proved.

The defendant has the burden of proof on its claim that the plaintiff was negligent in one or more of the ways claimed by the defendant *(as stated to you in these instructions), and that such negligence was a proximate cause of the injuries  to the plaintiff.

The Court will furnish a Special Verdict Form to assist you in your duties. Your answers to the questions in the Special Verdict Form will provide the basis on which this case will be resolved.

**M Civ JI 8.01 Definition of Burden of Proof**

(a) I have just listed for you the propositions on which the plaintiff and defendants  have the burden of proof. For the plaintiff and defendant  to satisfy this burden, the evidence must persuade you that it is more likely than not that the proposition is true.

You must consider all the evidence regardless of which party produced it.

**MCivJI 50.01 Measure of Damages—Personal and Property (incorporate 50.02-50.08)**

If you decide that the plaintiff is entitled to damages, it is your duty to determine the amount of money which reasonably, fairly and adequately compensates him for each of the elements of damage which you decide has resulted from the negligence of the defendant, taking into account the nature and extent of the injury.

You should include each of the following elements of damage which you decide has been sustained by the plaintiff to the present time:

1. Medical Expenses
2. Wage Loss
3. Loss of household services
4. Attendant Care
5. Dislocation of elbow with multiple fractures of Ulna and Radius
6. Dislocation of shoulder joint with fracture of Greater Tuberosity of humerus
7. Closed fracture of metatarsal bones
8. Permanent Ulnar nerve damage
9. Concussion and post concussion headaches
10. Permanent disability and disfigurement
11. Pain and suffering
12. Mental and emotional injury
13. Fright and shock
14. Denial of social pleasures and enjoyments

You should also include each of the following elements of damage which you decide plaintiff is reasonably certain to sustain in the future:

If any element of damage is of a continuing nature, you shall decide how long it may continue. If an element of damage is permanent in nature, then you shall decide how long to award Plaintiff for these damages, though you must accept as a fact that Plaintiff has a life expectancy of 37.4 more years

Which, if any, of these elements of damage has been proved is for you to decide based upon evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount. The law leaves such an amount to your sound judgment. Your verdict must be solely to compensate the plaintiff for his damages, and not to punish the defendant.

**MCivJI 50.21 - Personal Injury Action: Definition of Economic Loss and Non-economic Loss Damages; Separation of Future Damages by Year**

In this case, you must determine a separate amount for each year in the future for which plaintiff will sustain damages.

You will also be required to separate the two types of damages available in this case. The first type, "economic loss" damages, consists of such things as medical expenses, loss of wages or lost earning potential, attendant care, loss of household services, and miscellaneous expenses. The second type, "noneconomic loss" damages, means damages or loss due to pain, suffering, inconvenience, physical impairment, physical disfigurement, mental anguish, fright and shock, denial of social pleasure and enjoyments, embarrassment, humiliation or modification.

**M Civ JI 53.05 Mitigation of Damages—Failure to Exercise Ordinary Care**

A person has a duty to use ordinary care to minimize his or her damages after he or she has been injured. It is for you to decide whether the plaintiff failed to use such ordinary care and, if so, whether any damage resulted from such failure. You must not compensate the plaintiff for any portion of his damages which resulted from his failure to use such care.

Case 2:19-cv-12268-GAD-EAS   ECF No. 92, PageID.1283   Filed 11/08/23   Page 38 of 42

**M Civ JI 53.06 Effect of Inflation on Future Damages**

If you decide that the plaintiff will sustain damages in the future, you may consider the effect of inflation in determining the damages to be awarded for future losses.

## § 106.01. Duty to deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be six out of eight.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### §  106.02. Effect of instruction as to damages

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## § 106.04. Election of foreperson--General verdict

Upon retiring to the jury room, you will select one of your jurors to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

A verdict form has been prepared for your convenience. *[Read forms of verdict]*.

You will take these forms to the jury room and, when six out of eight of you have reached agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you agree; and then return with your verdict to the courtroom.

**§ 106.08. Communications between court and jury during jury's deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.