UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAROSLAV ILNYSKYY,

          Plaintiff,

v.

          Case No.: 19-cv-12268
          Hon. Gershwin A. Drain

EQUIPNET, INC., *et al.*,

          Defendant.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO STAY EXECUTION OF JUDGMENT PENDING OUTCOME OF APPEAL AND WAIVE BOND REQUIREMENTS [#123]

### I. INTRODUCTION AND FACTUAL BACKGROUND

This matter proceeded to trial in November of 2023, and the jury returned a verdict in Plaintiff's favor in the amount of $4,505,831.41. On November 15, 2023, the Court entered a judgment in the amount of $4,505,831.41. On May 8, 2024, the Court entered an Amended Judgment in the amount of $5,123,856.43 reflecting taxable costs, a deduction of certain collateral source payments, and post-judgment

interest through May 8, 2024. Defendants have filed their Notice of Appeal.

Presently before the Court is the Defendants' Motion to Stay Execution of Judgment Pending Outcome of Appeal and Waive Bond Requirements, filed July 8, 2024. In their motion, Defendants seek an Order allowing them to file an Affidavit of Recognizance from their insurance carrier pledging an obligation to satisfy the judgment in lieu of posting a full supersedeas bond.

Defendants are insured by Hanover Insurance Group with coverage limits under policy number LDN 8342381 12 in the amount of $1 million and under policy number UHN A964676 01 in the amount of $10 million, for total available funds of up to $11 million to satisfy the judgment. The Affidavit of Recognizance states that Hanover will be responsible for paying the judgment, and additional interest, costs, and attorney fees if it is affirmed by the appellate court. Defendants argue they have complied with Fed. R. Civ. P. 62(b) to demonstrate they will provide "other security" sufficient to satisfy the judgment, thus execution on the judgment should be stayed.

Plaintiff has filed a response opposing Defendants' present motion. Defendants filed a reply in support of their present motion. Upon review of the parties' submissions, the Court finds oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the pending motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

## II. LAW & ANALYSIS

Federal Rule of Civil Procedure 62(b) provides:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b). Because the stay benefits the appellant to the detriment of the appellee, a full supersedeas bond covering the costs of the appeal, interest, and damages for delay should be required in normal circumstances. *See Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *see also Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351, 353 (E.D. Mich. 1998). However, under "appropriate circumstances, courts may exercise their discretion to dispense with the bond requirement when granting a stay of a monetary judgment." *Gould Elecs. Inc. v.*

3

*Livingston Cty. Rd. Comm'n*, No. 17-11130, 2021 U.S. Dist. LEXIS 74553, 2021 WL 1526277, at *2 (E.D. Mich. Apr. 19, 2021). However, courts have found it appropriate to waive the full supersedeas bond requirement only in "extraordinary circumstances." *Hamlin*, 181 F.R.D. at 353. One such circumstance is when a party can provide evidence that its "ability to pay the judgment is so obvious that posting a bond would simply be a waste of money . . . ." *Id.* "When an appellant claims its ability to pay the judgment is so obvious that posting a bond would simply be a waste of money, courts have generally required the appellant to present a financially secure plan for maintaining the same degree of solvency during the period of an appeal." *Id.* (internal quotation marks and citation omitted).

    Here, Defendants have not met their burden demonstrating extraordinary circumstances warrant waiver of the bond requirement. Defendants do not provide sufficient detail for this Court to conclude their "ability to pay the judgment is so obvious that posting a bond would be a waste money." They do not argue that they possess adequate funds to satisfy the judgment, nor is that fact plainly evident unlike the factual circumstances in *Miller v. Suburban Mobility Auth.*

4

*For Reg'l Transp.*, No. 20-11122, 2024 U.S. Dist. LEXIS 99491, 2024 WL 2821975 (E.D. Mich. May 9, 2024), as will be discussed *infra*. Defendants "have also failed to come forward with any specific evidence as to their financial status." *American Furukawa, Inc. v. Hossain*, No. 14-13633, 2017 U.S. Dist. LEXIS 234117, 2017 WL 9719047, at *3 (E.D. Mich. Nov. 22, 2017). Additionally, Defendants' motion is devoid of any factual detail concerning Defendants' efforts to secure a supersedeas bond. Moreover, courts in this district have "rejected the argument that the mere availability of [insurance] funds to satisfy the judgment . . .[i]s sufficient to waive the bond requirement." *See Cohen v. Jaffe, Raitt, Heur & Weiss*, P.C., No. 16-CV-11484, 2017 U.S. Dist. LEXIS 209927, at*3 (E.D. Mich. Dec. 21, 2017); *Hamlin*, 181 F.R.D. at 351, 353.

Defendants argue the Court should follow its decision in *Miller v. Suburban Mobility Auth. For Reg'l Transp*, where the Court waived the full supersedeas bond requirement. No. 20-11122, 2024 U.S. Dist. LEXIS 99491, 2024 WL 2821975 (E.D. Mich. May 9, 2024). However, *Miller* did not address the viability of an affidavit of recognizance from an insurance company as "other security" under Fed. R. Civ. P. 62(b) in lieu of a full supersedeas bond. In *Miller*, the defendant was "a

5

governmental entity whose finances are a matter of public record and are independently audited by Plante Moran." *Miller*, 2024 U.S. Dist. LEXIS 99491, at *24. The *Miller* court further held that:

> As of June 30, 2023, Defendant had over $376 million in total assets, and its 'unrestricted net position,' which is the portion of its 'net position that can be used to finance day-to-day operations," was $72,502,703 as of June 30, 2023. Defendant committed to a balanced budget in 2023 and is anticipating an additional $95 million in new funds per year beginning in fiscal year 2023 based on a millage approved by voters in Macomb, Oakland, and Wayne Counties.
>
> In contrast, the [] judgment of $305,280.40, represents around .42% of SMART's unrestricted net position, which is available to satisfy the judgment, Defendant will be able to easily pay the judgment and thus providing a supersedeas bond would be a waste of money. Defendant has shown it can maintain the same degree of solvency throughout the pendency of any appeal process. Therefore, the Court will waive the bond required under Rule 62(b) and stay execution of the judgment pending the resolution of Defendant's appeal[.]

2024 U.S. Dist. LEXIS 99491, at *24-25. The facts in *Miller* are not remotely comparable to those present in this case.

For all of these reasons, the Court concludes that Defendants have failed in their "burden of proving not merely that they are capable of satisfying the judgment, but rather that their ability to do so is so plain that requiring a bond would simply be a waste of money." *Cohen*, 2017

6

U.S. Dist. LEXIS 209927, at*3. The Court will deny Defendants' request to file an affidavit of recognizance from their insurance carrier as "other security" and will require the posting of a full supersedeas bond. Because this motion is being decided against Defendants, the stay will be continued until August 21, 2024 so that Defendants can secure a full supersedeas bond that complies with Rule 62.

### III. CONCLUSION

Accordingly, Defendant's Motion to Stay Execution of Judgment Pending Outcome of Appeal and Waive Bond Requirements [#123] is DENIED.

SO ORDERED.

Dated: August 5, 2024          /s/Gershwin A. Drain
                               GERSHWIN A. DRAIN
                               United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 5, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager